STATE ex Diahl v. ABELE.

Ohio Supreme Court.

No. 20928. Decided June 20, 1928.

In Mandamus.

Three Demurrers.

2 Sustained—1 Overruled.

**1010. REFERENDUM—874 Ordinances—797 Municipal Corporations—973 Public Utilities.**

When municipality proceeds to construct public utility, every ordinance in furtherance of such construction is subject to referendum.

ALLEN, J.

Under Sections 4, 5 and 8, Article XVIII, of the Constitution, of the State of Ohio, when a municipality proceeds to construct a public utility, not only the initial ordinance authorizing such construction, but every other ordinance in furtherance of such construction, is subject to referendum under Section 8 of Article XVIII.

Demurrer on ground of insufficiency of petition overruled. Demurrer on ground of misjoinder of separate causes of action against several defendants sustained. Demurrer on ground of misjoinder of parties defendant sustained.

(Marshall, CJ., Day, Kinkade and Robinson, JJ., concur. Jones and Matthias, JJ., dissent.)

---

REMUS, In Re.

Ohio Supreme Court.

No. 21064. Decided June 20, 1928.

Error to Allen Appeals.

Judgment affirmed.

**643. INSANITY—803 Murder—601 Habeas Corpus.**

1. One acquitted of murder on sole ground of insanity, committed to Lima State Hospital, not deprived of seeking writ of habeas corpus.

2. Sect. 1998 GC., does not preclude inmate of Lima Hospital from applying to court for determination of sanity.

**191. BURDEN OF PROOF—637 Verdicts.**

Acquittal, on ground of insanity, prima facie evidence of insanity. In order to obtain release by habeas corpus, one so acquitted has burden of removing such presumption.

**127a. BAR—941 Practice and Procedure.**

Fact that Probate Court has ordered commitment of inmate to hospital for criminal insane and error prosecuted from such order, not bar to subsequent application for habeas corpus.

JONES, J.

1. One who is acquitted of murder on the sole ground of insanity and who has been committed to the Lima State Hospital for the insane, is not deprived from thereafter seeking a writ of habeas corpus for the purpose of showing that he is sane and therefore unlawfully restrained of his liberty.

2. Section 1998, General Code (98 O. L., 240) authorizing the superintendent of such institution to discharge such inmate who "in his judgment" is recovered, etc., does not preclude the inmate from applying to a court of competent jurisdiction for a determination of his sanity,—to a tribunal which is empowered to use its processes and to hear sworn testimony upon that issue.

3. The verdict of acquittal on the ground of insanity is prima facie evidence of the inmate's insanity, and the presumption of insanity thereafter continues; and in order to obtain his release from such hospital, by writ of habeas corpus, the inmate has the burden of removing that presumption and of establishing with reasonable certainty his sanity.

4. The fact that the Probate Court, pursuant to Section 13612, General Code, had previously ordered the commitment of the inmate to such hospital and error had been prosecuted from such order, constitutes no bar to a subsequent application for a writ of habeas corpus, where the sanity or insanity of the inmate at the later period may be determined by the court.

(Kinkade, Robinson and Matthias, JJ., concur. Marshall, CJ., Day and Allen, JJ., dissent.)

---

BLAIR, Supt. of Banks, v. UN. SAV. BANK.

Ohio Supreme Court.

No. 20974. Decided June 20, 1928.

Error to Williams Appeals.

Judgment affirmed.

**126. BANKS AND BANKING—147 Bills, Notes and Checks—645 Insolvency—953a Priority.**

Facts, tantamount to acceptance and payment of draft, establish the right of owner of draft issued in payment of certificate of deposit, to priority over general creditors of insolvent bank.

KINKADE, J.

When a certificate of deposit, issued by a bank in the usual course of business, and for full consideration moving to the bank therefor, is duly presented for payment, through the mails, to the bank which issued the certificate, by the owner and holder in due course, and the certificate is then canceled as paid, both on the certificate itself and on the books of the bank of issue, and payment is made, by sending through the mails forthwith a draft of that bank, drawn in favor of the owner of the surrendered certificate, on another bank, in which the bank of issue has sufficient funds on deposit to its credit balance to meet such draft, and the surrendered certificate owner forthwith forwards the draft through the mails, for payment, to the bank on which it is drawn, and such draft so presented for payment reaches the bank prior to any notice to the bank last named that the bank issuing the certificate, and paying the same, as stated, has become insolvent, and that its assets have been taken into the possession of the state superintendent of banks for liquidation, which notice was received on the same day, but several hours after the receipt of the draft, and but for which notice that draft would have been paid through the mails on the day it was received, these facts are tantamount to acceptance and payment of the draft, and establish the right of the owner of the draft issued in payment of the certificate of deposit, as stated, to a priority over the general creditors of the insolvent bank.

(Marshall, CJ., Day, Allen, Robinson, Jones and Matthias, JJ., concur.)